No. 04-01-00698-CV


NATIONAL FOUNDATION REPAIR COMPANY,

Appellant


v.


SIGMA ENGINEERS, INC. and Sina K. Nejad,

Appellees


From the 60th Judicial District Court, Jefferson County, Texas 

Trial Court No. B-164,596-A

Honorable Gary Sanderson, Judge Presiding


Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sandee Bryan Marion, Justice 


Delivered and Filed: June 12, 2002


REVERSED AND REMANDED



 National Foundation Repair ("NFR") appeals from a take-nothing summary judgment in favor
of Sigma Engineers, Inc. and Sina K. Nejad on NFR's claims for contribution and indemnification for
damages NFR would have to pay to Albert and Genia Miles for foundation repairs to the Miles's
home. We reverse and remand.


FACTUAL BACKGROUND

 Nejad is a structural engineer employed by Sigma. On March 12, 1999, Coy LaSalle retained
Sigma to perform an engineering study on the foundation of LaSalle's home. Sigma's employee,
Rand Holtham, inspected the LaSalle's house, and Sigma prepared an engineering report, which was
signed by both Holtham and Nejad. The report recommended the placement of concrete piers at
specified locations along the perimeter of the foundation. On March 29, 1999, Sigma asked NFR to
submit a bid for foundation repairs to the LaSalle home. In response to Sigma's request, NFR
reviewed the job site, but did not go into the residence. NFR was not asked to inspect the property,
but only to provide a competitive bid based on Sigma's engineering report, a copy of which was
provided by Sigma to NFR. NFR submitted a bid, and, on March 31, 1999, NFR and LaSalle entered
into a contract under which the "repairs [would] be done in accordance with Sigma Engineering
report #99-815."

 NFR began work on April 12, 1999. On that same day, NFR asked Sigma to inspect its work,
but Sigma told NFR it "was too busy" and NFR should use another engineering firm. NFR contacted
Fitz & Shipman Engineering, which agreed to inspect the repairs being performed. Fitz & Shipman
was not asked to inspect the foundation. On April 12 and 16, 1999, Fitz & Shipman visually
inspected the repairs, and stated that in its opinion "The repairs were completed in a good and
workmanlike manner." All work was done for LaSalle before he sold the house to the Miles.

 Unhappy with the foundation repairs, the Miles sued NFR, alleging that NFR's work was not
done in accordance with Sigma's specifications. The Miles asserted causes of action under the DTPA
and for common law negligence. NFR answered, and filed a third-party action against Sigma and
Nejad, alleging that they were "responsible parties" under the Civil Practice and Remedies Code and
NFR was entitled to contribution and indemnification from them. Alternatively, NFR asserted that
Sigma and Nejad were jointly and severally liable because they were negligent in their inspection of
the home and in preparing the engineering plans and specifications for the work performed by NFR.

 Sigma and Nejad filed a joint answer. Sigma moved for summary judgment on the grounds
that it was not responsible for any damages caused by NFR because (1) neither the Miles nor NFR
retained it to provide engineering services or to perform inspections for NFR; (2) there was no
contractual relationship between itself and NFR; (3) NFR did not rely on Sigma's engineering report;
and (4) if NFR relied on Sigma's engineering report, NFR failed to implement Sigma's
recommendations. The trial court rendered summary judgment in favor of both Sigma and Nejad,
and severed NFR's claims against them from the Miles's claims against NFR.

STANDARD OF REVIEW

 Under traditional summary judgment standards, a party moving for summary judgment has
the burden of establishing as a matter of law that no genuine issue of material fact exists as to one or
more essential elements of the plaintiff's cause of action. Casso v. Brand, 776 S.W.2d 551, 556 (Tex.
1989); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). If the
defendant meets this burden, the plaintiff must then raise a genuine issue of material fact on that
element. Gonzalez v. City of Harlingen, 814 S.W.2d 109, 112 (Tex. App.--Corpus Christi 1991,
writ denied). In reviewing a summary judgment, an appellate court accepts as true all evidence
supporting the non-movant. Nixon, 690 S.W.2d at 549. All inferences are indulged in favor of the
non-movant, and all doubts are resolved in his favor. Id.


RESPONSIBLE THIRD PARTY

 A defendant may join a "responsible third party" who has not been sued by the plaintiff if the
court in which the action was filed could exercise jurisdiction over the third party; the third party
could have been, but was not, sued by the plaintiff; and the third party "is or may be liable to the
plaintiff for all or a part of the damages claimed against the named defendant or defendants." Tex.
Civ. Prac. & Rem Code Ann. §§ 33.004(a), 33.011(6)(A) (Vernon1997). Here, Sigma argued that
it was not a responsible third party because it owed no duty to NFR and had no privity of contract
with NFR or the Miles. 

 The cases on which Sigma relies are inapposite because they do not involve one party seeking
contribution or indemnification from another. See Amstadt v. United States Brass Corp., 919 S.W.2d
644 (Tex. 1996) (refusing to extend DTPA liability to upstream manufacturers and suppliers in
manner not intended by Legislature); Hartman v. Urban, 946 S.W.2d 546 (Tex. App.--Corpus
Christi 1997, no writ) (negligence); Bernard Johnson, Inc. v. Continental Constructors, Inc., 630
S.W.2d 365 (Tex. App.--Austin 1982, writ ref'd n.r.e.) (duty based on contract). Liability as a
responsible third party does not require privity of contract between the third party and the plaintiff
or the defendant seeking contribution or indemnification. Such liability merely requires that the third
party be liable to the plaintiff for all or a part of the damages claimed against the named defendant.
Tex. Civ. Prac. & Rem Code Ann. § 33.011(6)(A)(iii).

 NFR's response to Sigma's motion for summary judgment raised genuine issues of material
fact on whether Sigma and Nejad could be liable to the Miles. The contract expressly required that
repairs be done in accordance with Sigma's engineering report. NFR alleged that it relied upon and
followed the recommendations in Sigma's engineering report. NFR alleged that the foundation
problem arose from the connection between the original construction of the house and an addition,
and that Sigma's report failed to include the necessary corrective repairs. 

 Viewing the evidence in the light most favorable to NFR, we conclude that NFR's summary
judgment evidence raised fact issues sufficient to defeat Sigma's entitlement to summary judgment;
therefore, we need not address NFR's other issues on appeal. We reverse the trial court's judgment
and remand the case for further proceedings.


 Sandee Bryan Marion, Justice

DO NOT PUBLISH